IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KRISTI O'CONNELL,<br><br>        Plaintiff,<br><br>vs.<br><br>QWEST CORPORATION, a Colorado Corporation, and JOHN DOES I-XX,<br><br>        Defendant. | CV 16–06–H–CCL<br><br>ORDER |

Before the Court are two motions pending in the above-captioned case: Defendant's unopposed Motion for Partial Summary Judgment as to Count IV (Doc. 10) and Plaintiff's unopposed Motion to Dismiss Count IV of the First Amended Complaint (Doc. 14).

Plaintiff's First Amended Complaint alleges in Count I that Defendant Qwest Corporation wrongfully discharged her from employment. Count II alleges

negligent training and supervision, and Count III alleges intentional infliction of emotional distress.  Count IV of the First Amended Complaint alleges a class action of similarly situated persons pursuant to Rule 23, Fed. R. Civ. P.  However, as Defendant demonstrates in its Motion for Partial Summary Judgment, there is only one individual in the class that Plaintiff is attempting to certify, and that is Plaintiff herself.  In response to the motion for partial summary judgment, Plaintiff asks the Court to deny the motion as moot only because on that same day Plaintiff filed a motion to dismiss Count IV, thereby acknowledging that Plaintiff cannot meet the requirements for class certification.  However, Defendant has demonstrated that it is entitled on the merits to partial summary judgment as to Count IV.  Accordingly,

    IT IS HEREBY ORDERED that Defendant's unopposed Motion for Partial Summary Judgment as to Count IV is GRANTED.  The Clerk shall enter an appropriate partial summary judgment as to Count IV only.

    IT IS FURTHER ORDERED that Plaintiff's unopposed Motion to Dismiss Count IV of the First Amended Complaint is DENIED as moot.

Upon review of the record, the Court deems it appropriate to hold a preliminary pretrial conference to aid the Court in establishing a case management plan for the efficient and expeditious determination of this case. Accordingly,

IT IS HEREBY ORDERED that counsel shall attend a Preliminary Pretrial Conference on Friday, November 18, 2016, at 10:00 a.m., in Courtroom II, United States Courthouse, Helena.

IT IS FURTHER ORDERED:

1. Lead trial counsel shall confer at least twenty-one days before the preliminary pretrial conference to consider the matters set forth in Fed. R. Civ. P. 26(f). Counsel shall meet to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case and to develop a proposed Case Management Plan. The Case Management Plan resulting from the Rule 26(f) conference is not subject to revision absent compelling reasons. The parties shall submit the proposed Case Management Plan to the Court within 14 days after the Rule 26(f) Conference.

2. The contents of the Case Management Plan shall contain deadlines

for the following pretrial motions and events or shall state that such deadlines are not necessary:

>    Motions to Dismiss (fully briefed)
>    Certification of Administrative Record
>    Plaintiff's Designation of Expert Witnesses
>    Defendant's Designation of Expert Witnesses
>    Motions to Supplement the Administrative Record
>    Motions to Amend the Pleadings
>    Completion of Discovery
>    Motions for Summary Judgment (fully briefed)
>    Additional Deadlines agreed to by the Parties.

Fully briefed means that the motion, the brief in support thereof, and the opposing party's response brief are all filed with the Court by the deadline.

The Case Management Plan shall also contain a statement of the areas in which each party expects to retain expert witnesses.

3. Each party shall serve initial disclosures conforming with Fed. R. Civ. P. 26(a)(1) no more than fourteen days after the Rule 26(f) conference. The parties are encouraged to serve initial disclosures at least seven days <u>before</u> the Rule 26(f) conference. Initial disclosures shall not be filed.

4. Each party shall file a preliminary pretrial statement no later than

seven calendar days before the preliminary pretrial conference. These statements shall include:

    a.    issues concerning jurisdiction and venue;

    b.    the factual basis of each claim or defense advanced by the party;

    c.    the legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority;

    d.    a computation of damages;

    e.    the pendency or disposition of any related state or federal litigation;

    f.    proposed stipulations of fact and law;

    g.    proposed deadlines relating to joinder of parties or amendment of the pleadings;

    h.    identification of controlling issues of law suitable for pretrial disposition;

    I.    prospects for compromise of the case and the feasibility of settlement negotiations or alternative dispute resolution; and

j.  suitability of special procedures or placement on an expedited trial docket.

5.  Counsel are advised that failure to provide adequate information in the preliminary pretrial statement may be deemed an admission that this is a non-complex case. Failure to comply with this order or with the local rules may also result in the imposition of sanctions.

Dated this 25th day of October, 2016.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE